UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 1:05-CR-51 |
| EUGENE SINGLETON | ) ) ) | |
| Defendant. | ) ) | |

Opinion and Order

Before the court is Defendant Eugene Singleton's ("Singleton's") Motion to Withdraw Guilty Plea filed on January 3, 2006 along with a request by counsel to withdraw his appearance. After counsel's request to withdraw his appearance was granted, new counsel was appointed and he filed a brief in support of the Motion to Withdraw Guilty Plea on Singleton's behalf. The government responded on March 14, 2006 to which the defendant responded on March 30, 2006. In the briefs both sides make reference to the unavailability of the transcript of Singleton's guilty plea. For this reason, the court ordered a transcript which the court reporter promptly prepared and filed with the court on May 10, 2005. For the following reasons, the Defendant's Motion to Withdraw Guilty Plea will be DENIED.

**BACKGROUND**

In 2004, a federal jury convicted Singleton of possession of cocaine base "crack" and the undersigned imposed a sentence of 21 months. (*See United States v. Singleton*, 1:03-CR-43). After serving the majority of his sentence, the Bureau of Prisons (BOP) assigned Singleton to PACT BRADLEY, a half-way house facility located in Michigan City, Indiana. Nine days before his

scheduled release from that facility, Singleton left and did not return. After a warrant was issued for his arrest, Singleton was arrested in a hotel in New Haven, Indiana. In the hotel room where Singleton was arrested were controlled substances including cocaine base "crack," marijuana, and oxycodone pills, as well as drug paraphernalia and guns. Subsequent to his arrest, a federal grand jury indicted Singleton on charges of escape, 18 U.S.C. §751; possession with intent to distribute controlled substances including more than 5 grams of crack cocaine, 21 U.S.C. §841; and felon in possession of a firearm, 18 U.S.C. §922(g)(1).

On October 20, 2005, Singleton pled guilty pursuant to a written plea agreement ("the Agreement") to Count 2. Singleton's change of plea was entered on the record in open court before Magistrate Judge Roger Cosbey pursuant to a Fed.R.Cr.P. 11 colloquy. In the Agreement, Singleton agreed to plead guilty to count 2 in exchange for the Government's agreement to (1) dismiss the remaining counts at the time of sentence; (2) recommend the low-end of the advisory guideline range; (3) forego the filing of a §851 enhancement based upon Singleton's prior felony drug conviction; (4) recommend that Singleton receive acceptance of responsibility deductions. The Agreement further evidences an agreement by both sides that the amount of cocaine base "crack" was more than 5 grams but less than 50. Paragraph 7 of the Agreement sets forth the maximum term of imprisonment for the offense, in this case, 5 to 40 years imprisonment and the maximum supervised release term. The Agreement expressly states: "defendant also understands that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense(s) as set forth in this Plea Agreement." (Plea Agreement, ¶12(e)).

A review of the transcript of the plea hearing further demonstrates that Singleton was advised

of the nature of the charges against him, his constitutional rights to a trial by jury (which he agreed to waive), as well as the statutory penalties for the offense to which he was pleading guilty. To ensure that Singleton understood the nature of the advisory guidelines and how those guidelines impact the sentencing process, the Magistrate asked Singleton the following:

> Court: Under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for Judges to follow in determining the sentence in a criminal case. The United States Supreme Court has determined that these guidelines are advisory and not mandatory. Have you and your attorney talked about how these advisory guidelines might apply to your case?
> Defendant: Yes.
> Court: Do you understand the Court will not be able to determine the advisory guideline sentence for your case until after the presentence report has been completed and you and the government have had an opportunity to challenge the facts reported by the Probation Officer?
> Defendant: Yes.
> Court: Do you also understand that after it has been determined what advisory guideline applies to a case, the District Judge has the authority to impose a sentence that is more severe or less severe than the sentence called for by the advisory guidelines?
> Defendant: Yes.
> Court: You also understand that the District Judge may impose a sentence up to the statutory maximum, and may not generally impose a sentence below any applicable statutory minimum?
> Defendant: Yes.
> ...
> Court: Do you understand that if the Court does not accept the sentencing recommendation in your plea agreement, or that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?
> Defendant: Yes.

(Tr. Plea Hearing, pp. 14-16).

As to the voluntary and knowing nature of the plea, the Magistrate questioned Singleton in detail about the substance of the Agreement and Singleton's knowledge of the terms of the Agreement. (*Id.* at 16-19). After making certain that Singleton understood the terms of the

3

Agreement, the Magistrate asked him:

> Court: Mr. Singleton, has anyone made any promise other than the plea agreement that induced you to plead guilty?
> Defendant: No.
> Court: Has your lawyer or anyone made any prediction, promise or prophecy to you regarding the sentence you may receive?
> Defendant: No.
> ...
> Court: Do you understand that if the Court declines to impose the sentence recommended by the prosecutor and your counsel and imposes a more severe sentence, you will not, therefore, be entitled to withdraw your guilty plea?
> Defendant: Yes.[1]

(*Id.* at 19-21).

In light of the answers to the colloquy, the Magistrate entered a report and recommendation to the undersigned recommending that a judgment of guilty be entered on the plea. On November 8, 2005, the undersigned entered an Order Adopting the Report and Recommendations (Docket #30) and accepting the plea of guilty to Count 2. The court set the matter for sentencing. On January 3, 2006, Singleton appeared for sentencing with his then-counsel, William Lebrato ("Lebrato"). At the sentencing hearing, Singleton expressed dissatisfaction with Lebrato and the sentencing calculations in the presentence investigation report. During the hearing, Lebrato filed a motion to withdraw as counsel and a motion to withdraw the guilty plea on Singleton's behalf. The undersigned granted the request by Lebrato to withdraw as counsel and ordered replacement counsel to either file a brief in support of the Motion to Withdraw the Guilty Plea or withdraw it and proceed to sentencing. This brings the court to the present motion wherein Singleton persists in his request

---

[1] The transcript reads "You" as Singleton's answer to this question. The Court believes that this is a typographical error and should read "yes," particularly in light of the fact that he answered all similar questions in the affirmative.

4

to withdraw the guilty plea.

## DISCUSSION

Singleton's principal contention is that he did not knowingly enter into the plea agreement and it is involuntary because counsel falsely promised him that his federal sentence would be between 92 and 115 months when, in reality, he is a career offender facing 188 months at the low-end of the guideline range. In support of his contention, Singleton provides a letter attached to a copy of the plea agreement written to him from prior counsel. The letter, among other things, provides a paragraph by paragraph explanation of the plea agreement and does, in fact, mention a term of imprisonment of 92 to 115 months. However, the next paragraph indicates that "the Court is not bound by these recommendations..." (See Supplement to Motion, p. 2). Singleton contends that the mention of a 92 to 115 month sentence despite language elsewhere in the letter indicating that the court was not bound to impose that sentence induced him to plead guilty.

The Seventh Circuit has addressed this sort of argument on numerous occasions, the latest being in *United States v. Peterson,* 414 F.3d 825, 826-827 (7th Cir. 2005). In that case, a defendant claimed his lawyer promised that his sentence would be served concurrently with a state sentence but, as it turned out, the judge imposed a consecutive sentence. As is the case presently, the defendant sought to withdraw his plea claiming that he was induced to plead guilty by his lawyer's promise. In addressing this claim, the court wrote:

> During the proceedings that led to acceptance of his plea, Peterson was asked whether anyone had promised him anything not mentioned in the written plea agreement. He gave a negative answer....The judge asked Peterson whether he understood that the sentence need not be concurrent; Peterson said that he did. If these representations to the judge are true, his current submission must be false. Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the

> contradiction. See, e.g., *United States v. Stewart,* 198 F.3d 984 (7th Cir.1999); *United States v. Messino,* 55 F.3d 1241, 1248 (7th Cir.1995); *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987).

*Id.* at 827. The Seventh Circuit next went on to discuss the evidentiary record as to Peterson's contention:

> The motion to withdraw the plea has been supported by counsel's say-so rather than evidence. Peterson's current lawyer filed an affidavit saying that Peterson assured him that his former lawyer had promised a concurrent sentence, but Peterson has been unwilling to put his own name on such an affidavit and expose himself to a prosecution for making inconsistent declarations under oath. See 18 U.S.C. § 1623. The lawyer's affidavit, being hearsay, is no evidence at all.

*Id.*

A similar situation has arisen in the present case. There is no affidavit by former counsel or by the defendant to provide evidentiary value to the letter in the record or to provide support to a contention that former counsel specifically promised a 92 to 115 month sentence and nothing more. And, it appears in light of *Peterson* that the absence of such an affidavit from the defendant was wise on the part of present counsel to prevent the possibility that Singleton would be exposed to penalties of perjury for his statements under oath in the plea proceedings. During the proceedings that led to acceptance of his plea, Singleton was specifically asked whether anyone had promised him anything not mentioned in the written plea agreement. Like Peterson, he gave a negative answer. If this representation to the magistrate is true, his current assertions must be false and the undersigned can reject the motion out of hand since Singleton's motion can proceed only if he committed perjury in the plea proceedings. *Id.*

A defendant may withdraw a guilty plea after acceptance by the court but before sentence is imposed if he presents a "fair and just reason for the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden is on the defendant to demonstrate a fair and just reason for plea withdrawal. *United*

6

*States v. Milquette,* 214 F.3d 859, 861 (7th Cir.2000). "One 'fair and just' reason for withdrawing a plea is where that plea was not voluntarily made." *United States v. Ellison,* 835 F.2d 687, 692-93 (7th Cir.1987).

"The only rational manner in which a judge may determine whether a plea is knowingly and voluntarily made, is to observe the defendant's demeanor and responses to the court's questions and to rely on the defendant's sworn answers." *United States v. Walker,* ___ F.3d ___, 2006 WL 1329923, *3 (7th Cir. 2006). Accordingly, great weight is accorded to what was said during the change-of-plea colloquy between the defendant and the judge, *id.,* and a "defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle" to show his reason for withdrawing the plea is fair and just. *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992).

Simply put, the record of the change-of-plea hearing does not support Singleton's contention that his guilty plea was induced by a promise of a 92 month sentence and nothing greater. Instead, the transcript reveals that the magistrate judge made every effort to ensure that Singleton was advised of his rights, was voluntarily waving those rights, and was entering into the plea knowing the maximum possible punishment as well as the fact that the judge was not bound by the recommendations in the plea agreement.[2] Singleton was specifically asked if he was promised anything not contained in the plea agreement and he responded that he was not. He was also advised numerous times that if the court imposes a more severe sentence than he expected, he would not be

---

[2]Defense counsel indicates that Lebrato did not advise Singleton that he may receive a more severe sentence than that calculated in his letter and that, if he did, he would still be bound by the guilty plea. That matters little, however, because Singleton indicated to the magistrate on the record that he understood that he would be bound by his plea even if a more severe sentence was imposed.

7

entitled to withdraw his plea. The record of Singleton's responses under oath contradict his present assertions that he was promised something outside of the terms of the plea agreement. Further, the plea agreement's language does not reference a particular sentence to be imposed but instead provides that the Government would (1) recommend the low-end of the applicable advisory guidelines range so long as the low-end is not less than the statutory mandatory minimum sentence of 60 months; (2) recommend reductions for acceptance of responsibility; (3) refrain from filing a sentencing enhancing information. Given the consistency between the terms of the plea agreement and the statements made at the plea hearing, the court cannot conclude that a fair and just reason exists to permit Singleton to withdraw his plea.

## **Conclusion**

For the foregoing reasons, the Defendant's Motion to Withdraw his Plea is DENIED.

Dated: June 12, 2006

> s/ William C. Lee
> United States District Judge
> Northern District of Indiana