UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No.: 1:05-CR-0051 |
| | ) | 1:09-CV-109 |
| EUGENE E. SINGLETON, | ) | |
| | ) | |

## OPINION AND ORDER

Presently before the court is Defendant Eugene Singleton's ("Singleton's") "Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed on April 23, 2009. A memorandum in support of his motion was filed on July 2, 2009. The Government responded on July 23, 2009 to which the defendant belatedly replied on August 20, 2009. For the following reasons, Singleton's Motion will be DENIED.

## FACTUAL BACKGROUND

In 2004, a federal jury convicted Singleton of possession of cocaine base "crack" and the undersigned imposed a sentence of 21 months. (*See United States v. Singleton*, 1:03-CR-43). After serving the majority of his sentence, the Bureau of Prisons (BOP) assigned Singleton to PACT BRADLEY, a half-way house facility located in Michigan City, Indiana. Nine days before his scheduled release from that facility, Singleton left and did not return. After a warrant was issued for his arrest, Singleton was arrested in a hotel room in New Haven, Indiana. In the hotel room where Singleton was arrested were controlled substances including cocaine base "crack," marijuana, and oxycodone pills, as well as drug paraphernalia and guns. Subsequent to his arrest, a federal grand jury indicted Singleton on charges of escape, 18 U.S.C. §751; possession with intent to

1

distribute controlled substances including more than 5 grams of crack cocaine, 21 U.S.C. §841; and felon in possession of a firearm, 18 U.S.C. §922(g)(1).

Singleton, then-represented by Attorney William Lebrato ("Lebrato"), pled guilty pursuant to a written plea agreement ("the Agreement") to Count 2. Singleton's change of plea was entered on the record in open court before Magistrate Judge Roger Cosbey pursuant to a Fed.R.Cr.P. 11 colloquy. In the Agreement, Singleton agreed to plead guilty to count 2 in exchange for the Government's agreement to (1) dismiss the remaining counts at the time of sentence; (2) recommend the low-end of the advisory guideline range; (3) forego the filing of a §851 enhancement based upon Singleton's prior felony drug conviction; and (4) recommend that Singleton receive acceptance of responsibility deductions. The Agreement also specifically provided that the amount of cocaine base "crack" was more than 5 grams but less than 50. Paragraph 7 of the Agreement sets forth the maximum term of imprisonment for the offense, in this case, 5 to 40 years imprisonment and the maximum supervised release term. The Agreement expressly states: "defendant also understands that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense(s) as set forth in this Plea Agreement." (Plea Agreement, ¶12(e)).

A review of the transcript of the plea hearing further demonstrates that Singleton was advised of the nature of the charges against him, his constitutional rights to a trial by jury (which he agreed to waive), as well as the statutory penalties for the offense to which he was pleading guilty. (Tr. Plea Hearing, pp. 14-16). As to the voluntary and knowing nature of the plea, the Magistrate questioned Singleton in detail about the substance of the Agreement and Singleton's knowledge of the terms of the Agreement. (*Id.* at 16-19).

In light of Singleton's answers to the colloquy, the Magistrate entered a Report and Recommendation recommending that a judgment of guilty be entered on the plea. The undersigned entered an Order Adopting the Report and Recommendations (Docket #30) and accepting the plea of guilty to Count 2. The matter was then set for sentencing.

At the sentencing hearing, Singleton expressed dissatisfaction with Lebrato and counsel, in turn, moved to withdraw from the case. After new counsel was appointed, Singleton filed his first motion to withdraw his guilty plea asserting that Lebrato inaccurately predicted his sentence according to the plea agreement and because Singleton had been classified as a career offender facing a substantially higher sentence than what he anticipated, he should be permitted to withdraw his guilty plea. After review of the guilty plea transcript as well as the applicable case law, this Court concluded that even assuming Singleton's counsel erred in predicting his sentence, Singleton was made aware in both the plea agreement and during the plea colloquy that his sentencing exposure could reach up to the maximum possible punishment under the law.

Singleton then filed a second motion asserting that he received ineffective assistance of counsel prior to pleading guilty.[1] After the first of two evidentiary hearings where the _only_ evidence presented was the testimony of Singleton who described the events leading up to his guilty plea, the undersigned concluded that Lebrato had provided ineffective assistance of counsel primarily by failing to investigate a potentially exculpatory witness. The Government immediately filed a motion to reconsider and requested a second evidentiary hearing wherein Lebrato would be

---

[1] The Court requested the Probation Department to prepare a summary of the sentence Singleton could potentially receive if he succeeded with this motion, proceeded to trial, and was convicted. Singleton was advised at the evidentiary hearing that his potential exposure would be 360 months to life. The Court then gave Singleton time to review his potential exposure, consult with his attorney, and decide whether to proceed with this motion. Singleton decided to proceed.

given notice and an opportunity to defend himself against the allegations of unprofessional conduct. After that hearing, the court found Lebrato to be the more credible witness and determined that he did not provide ineffective assistance. Accordingly, the plea agreement Singleton signed was upheld. Singleton was then sentenced in accordance with the plea agreement, did not appeal, and has now filed the present motion to vacate.

## DISCUSSION

Under the terms of § 2255, a petitioner in federal custody may challenge the validity of his confinement "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. However, relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996).

Singleton raises several grounds in his § 2255 petition, many of which relate solely to Lebrato's conduct as Singleton's attorney. For instance, Singleton again alleges ineffective assistance of counsel by Lebrato asserting that he failed to investigate the facts of his case and file a motion to suppress. He further contends that because of Lebrato's conduct his conviction obtained by way of the guily plea was not voluntarily made. Singleton also asserts that Lebrato committed perjury when testifying at the evidentiary hearing before the undersigned in the proceedings related to Singleton's bid to withdraw his guilty plea. Finally, Singleton claims that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure."

Before considering these claims, however, it is critical to note that as part of his plea agreement, Singleton promised not to contest or appeal from his conviction or sentence. That waiver

4

includes a promise "not to contest the sentence ... in any post-conviction proceeding, including, but not limited to, a proceeding under [28 U.S.C. § ] 2255."

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, *United States v. Cook,* 406 F.3d 485, 487 (7th Cir.2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000). Singleton generally argues that his attorney was ineffective in the plea process; he would not have entered into the plea if his attorney had advised him properly, he claims. Yet, he does not allege that his attorney was constitutionally ineffective under the Sixth Amendment with respect to negotiation of the plea itself let alone the § 2255-waiver provision specifically. *See Id.* Nowhere in his Motion to Vacate does Singleton allege a factual basis adequate to establish the constitutional ineffectiveness of his defense attorney in connection with negotiation of the plea agreement. Therefore, the provision in Singleton's Plea Agreement waiving his right to file a motion under §2255 is enforceable. The provision bars further consideration of his Motion to Vacate.

Even if the waiver were unenforceable, however, Singleton's claims are barred for another reason. Certainly, the Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel. *Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir.2009). To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to the performance prong, a movant must overcome the "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. He must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance. *Coleman v. United States,* 318 F.3d 754, 758 (7th Cir.2003). Regarding the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In this case, Singleton asserts that his counsel's ineffectiveness caused him to enter into a plea agreement that was, in effect, involuntary since it was the product of his lawyer's deficient representation. This is the identical claim he made before the undersigned in his attempt to withdraw his guilty plea. There, this court noted that "[a] guilty plea is rendered involuntary by ineffective assistance of counsel." *United States v. Carroll*, 412 F.3d 787, 793 (7th Cir.2005), but went on to conclude after two evidentiary hearings that Lebrato's representation did not constitute ineffective assistance.

As a general rule, claims that trial counsel furnished ineffective assistance should be raised via a petition under §2255, so that a record can be compiled in the trial court. *See Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003). The Seventh Circuit strictly abides by this general rule because ineffective assistance claims often require an evidentiary hearing as they frequently allege facts that the record does not fully disclose. In this case, however, because of the unique factual circumstances and the allegations made by Singleton as to his guilty plea, the record has already been compiled in the district court and the issue now raised via Singleton's §2255 petition has already been decided. Singleton has set forth

6

no additional evidence that would change the result of the original proceedings nor has he claimed that those proceedings were somehow flawed. As a result, his contention that counsel provided ineffective assistance fails. *See Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995) ("Any issue already decided against [petitioner[ at trial or on direct appeal may not be relitigated in a §2255 petition.").

Accordingly, Singleton's petition is barred for this reason as well.

## **CONCLUSION**

Based on the foregoing, Singleton's Motion to Vacate is DENIED.

Entered: This 9th day of October, 2009.

s/ William C. Lee<br>United States District Court