UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:05-CR-0051 |
| | ) | 1:09-CV-109 |
| EUGENE E. SINGLETON, | ) | |
| | ) | |

## OPINION AND ORDER

Presently before the court are Defendant Eugene Singleton's ("Singleton's") "Motion for Extension of Time to File Notice of Appeal" (DE 107); "Application for Certificate of Appealability" (DE 108); and "Application to Proceed IFP" (DE 109) filed on January 11, 2010. On October 9, 2009, the undersigned entered an Opinion and Order denying Singleton's Motion to Vacate under 28 U.S.C. §2255. It is from this Opinion and Order that Singleton presently wishes to appeal.

On January 4, 2010, the court received a letter from Singleton inquiring as to the status of the above motions which he contends he mailed on December 9, 2009. In response on January 5, 2010, the Court made an entry on the docket indicating that the Court had received none of the pleadings that Singleton claimed he had mailed. Singleton then filed the above motions on January 11, 2010 and sought immediate ruling on the motion for extension of time to file his appeal.

The Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R.App. P. 4(a)(1). In cases, such as this one, where the United States is a party, parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(B)). In this case, Singleton's deadline ran on December 9, 2009, the same day he alleges he mailed his Notice of Appeal, Request for a Certificate of Appealability, and

Motion to Proceed IFP, all of which were not received by this court. As a result, Singleton is now left to seek relief from the deadline for filing the notice of appeal in the district court under Rule 4(a)(5) or Rule 4(a)(6). Rule 4(a)(5) allows a party to move for an extension of time if the party so moves within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R.App. P. 4(a)(5). Rule 4(a)(6) allows a party to reopen the time for filing an NOA. *See* Fed. R.App. P. 4(a)(6). Singleton's present request falls into the former category in that he is requesting an extension of the standard appeal time for an additional 30 days beyond the December 9, 2009 deadline..

A district court may extend the time for filing a notice of appeal only if the appellant demonstrates to the court's satisfaction "excusable neglect or good cause." Fed. R.App. P. 4(a)(5)(A)(ii).[1] However, even if excusable neglect or good cause is shown, the district court may not extend the appeal time beyond 30 days after the prescribed time. Fed.R.App.P. 4(a)(5)(C). In this case, the court has little reason to doubt that Singleton mailed the original documents within the initial sixty day appeal time. Throughout his case, Singleton has diligently filed papers with the court and met all filing deadlines. Furthermore, the fact that he was cognizant of his appeal time and followed the progress of the case by inquiring from the Clerk by letter regarding the status of his case leads the court to conclude that Singleton has demonstrated good cause for not being able to

---

[1] The full text of Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

file his notice of appeal. Therefore, the request for an extension of time is GRANTED. The court further notes that Singleton's Notice of Appeal is docketed in this case as of January 11, 2010 (See Docket #110) and the Short Record was sent to the Seventh Circuit Court of Appeals on January 13, 2010..

**Certificate of Appealability**

Singleton also has filed a request for a certificate of appealability.[2] Under Fed. R.App. P. 22(b)(1), "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." *See also* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255.").

A certificate of appealability will only be issued in a §2255 proceeding if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Here, Singleton reiterates the same claims that already were considered and rejected in the Court's Opinion

---

[2]The procedure for issuance of Certificates of Appealability has recently been amended effective December 1, 2009. This amendment, while set out below, is inapplicable to Singleton since his 2255 petition was resolved on October 9, 2009.

Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

and Order of October 9, 2009 as well as some of the identical claims that were rejected in the original proceedings before the undersigned. The court concludes that Singleton has not made a substantial showing of the denial of a constitutional right. Indeed, in his 2255 petition, Singleton raised claims of ineffective assistance of counsel that met neither prong of the *Strickland* test and sought a rehearing on claims of ineffective assistance that had been fully heard (by evidentiary hearing and briefing) in the original prosecution of his case. Now, Singleton simply seeks to rehash those issues. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.[3] Further, with respect to Singleton's request to appeal *in forma pauperis,* the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

## CONCLUSION

Based on the foregoing, the Request for Extension of Time to appeal is GRANTED. The Court further DENIES a request for a certificate of appealability and further certifies that any appeal from the Order denying his 2255 petition is not taken in good faith. As a result, Singleton is not entitled to proceed in forma pauperis on appeal.

SO ORDERED.

This 20th day of January, 2010

s/ William C. Lee  
United States District Court  
Northern District of Indiana

---

[3] Nothing in this order prevents Singleton from requesting a certificate of appealability from the Circuit Court of Appeals since he must obtain a certificate of appealabilty in order to prosecute his appeal. See 28 U.S.C. 2253(c)(2).