UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:03-CR-43 |
| | ) CASE NO. 1:05-CR-51 |
| EUGENE SINGLETON, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Presently before the court is Defendant, Eugene Singleton's (Singleton's") *pro se* Motion to Suspend IFRP Payments (DE 134). For the following reasons, that motion will be DENIED.

Singleton was twice before this Court. On February 13, 2004, Singleton was sentenced in cause no. 1:03-CR-43 to 21 months imprisonment. The Court also ordered that Singleton pay a fine in the amount of $2,500.00. Singleton's balance on that fine is currently $2,081.67.

On April 21, 2008, Singleton was sentenced to 188 months imprisonment in Cause No. 1:05-CR-51. The Court ordered that Singleton pay a $100 special assessment, and waived a fine. Singleton is currently in custody in Terre Haute, Indiana.

In his present motion, Singleton is requesting that the Court defer his obligation to pay his fine until his release from prison. Singleton states that the Bureau of Prison (BOP) is deducting 50% of his UNICOR wages for restitution. He is seeking a suspension of his restitution obligation until he is released from prison so he may "assist family in need of support." (DE 134 ¶5). The Government argues that 18 U.S.C. § 3664(n) provides that the Defendant's obligation to pay restitution continues during his period of incarceration, that the Judgment directs that restitution

1

payments be in accordance with the Bureau of Prisons' Financial Responsibility Program (IFRP), and that under *United States v. Sawyer,* 521 F.3d 792, 796 (7th Cir.2008), payments until release should be handled through the IFRP rather than under the Court's auspices.

The Government is correct that pursuant to 18 U.S.C. §3664(n):

> If a person obligated to pay restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

*Id.* Thus, the payments being withheld under the Inmate Financial Responsible Program are consistent with this statute and thus, wages earned from the UNICOR program may be applied to Singleton's restitution obligation.

Singleton does not contest that he is required to make payments under the IFRP. Instead, it appears that his complaint is that taking 50% of his wages earned in prison constitutes an undue burden on his family and prevents him from otherwise helping his family. The problem for Singleton at this point is that he has not provided any documentation showing that he has filed an administrative complaint seeking to have these payments modified due to hardship, thereby exhausting his administrative remedies. Under regulations governing the Bureau of Prisons, Singleton must pursue these claims administratively, prior to seeking redress in this Court.[1] *McKart*

---

[1] Title 28 C.F.R. § 542.10, *et seq.*, sets out the Bureau of Prisons' Administrative Remedy Program, which allows formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, an inmate first attempts resolution of the complaint informally by discussing the matter with a member of the inmate's Unit Team. This attempt at resolution is documented on a "BP–8" form. If not satisfied, the inmate may file a formal complaint called a "BP–9" with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.13. The Warden must generally respond to the filed request within 20 days. 28 C.F.R. § 542.18. If not satisfied with the Warden's response, the inmate may appeal to the Regional Director via a "BP–10" within twenty days of the date the Warden signed the response. 28 C.F.R. § 542.15. The Regional

*v. United States,* 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' ") (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 (1938)); see also, *Wiggins v. United States*. 2011 WL 1103416, 3 ((E.D.N.C., March 22, 2011) (dismissing motion to amend IFRP payments where inmate had not shown an exhaustion of administrative remedies). Here, the record shows that Singleton has failed to exhaust his administrative remedies in the instant matter. As a result, his Motion to Suspend IFRP Payments is not properly before this Court. The Motion is, therefore, DENIED.

Finally, the Court notes that the Seventh Circuit has expressly states that an inmate's participation in the IFRP program is voluntary. *United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010). Indeed, in *Boyd*, the Seventh Circuit explained, "[t]he IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary... [Our] decisions recognize, an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *Id.* (Citing *United States v. Lemoine,* 546 F.3d 1042, 1047 (9th Cir.2008) ("An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences."). It is not clear to the Court at this

---

Director must generally respond to the filed appeal within 30 days. 28 C.F.R. § 542.18. If not satisfied with the regional response, the inmate may submit a "BP–11" appeal with the Office of General Counsel in Washington, D.C. within thirty calendar days of the date the Regional Director signed the response. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15. The General Counsel must typically respond within 40 days of the filed appeal. The above BP–9, 10, and 11 response times may be extended once by up to 20, 30, or 20 days, respectively. 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for reply by the BOP, the inmate may consider the absence of a response a denial at that level.

point whether Singleton does not want to participate in the program at all and thus, prefers to forgo the relevant privileges (for example, participation in the UNICOR program if participation in IFRP is required for that privilege) in exchange for paying his restitution at the end of his sentence or whether he simply seeks a downward modification of the amount assessed under the IFRP program. For the latter, he will need to exhaust his administrative remedies and, for that reason, his motion is DENIED. If the former is the case, then Singleton's motion will be denied as MOOT.

Entered: This 6th day of December, 2012

                                                  s/ William C. Lee
                                                  United States District Court